UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA APPLEBY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION, d/b/a SPRINT NEXTEL, NEXTEL or SPRINT and f/k/a/ SPRINT CORPORATION, SPRINT SPECTRUM L.P. a/k/a/ SPRINT PCS, SPRINT SOLUTIONS, INC., SPRINT/UNITED MANAGEMENT COMPANY, NEXTEL RETAIL STORES, NEXTEL OPERATIONS, INC., NEXTEL PARTNERS OPERATING CORP., and NEXTEL WEST CORP.,<br><br>Defendants. | Case No. 08-cv-23-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants's Motion to Dismiss (Doc. 29) under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded (Doc. 55) and Defendants have replied (Doc. 58). For the following reasons, the Court GRANTS the Motion.

## BACKGROUND

For purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam ) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.2007). The Court, accepting all of Plaintiff's allegations as true and drawing all reasonable inferences it her favor, finds the following facts for purposes of this

motion.

In 1999, Plaintiff Paula Appleby (Appleby) contracted with Defendants, collectively referred to as Sprint, for cellular telephone service and products. Appleby lived in Madison County, Illinois, the contract was entered into in Madison County, Illinois, and Sprint's products and services were to be used in Madison County, Illinois. Over the years, Appleby has attempted to cancel her service with Sprint a number of times. Each time she attempted to cancel her service, she has been told that her contract had previously been extended. Appleby did not agree to any contract extensions. Sprint never provided Appleby with a copy of the contract extensions. Sprint falsely told Appleby her contract had been extended in order to get Appleby to continue using and paying for Sprint's services when she was under no obligation to do so, thereby foregoing better rates offered by Sprint's competitors. When she inquired into terminating Sprint's services, Appleby was told that she would be charged an early termination fee. Sprint falsely told Appleby her contract had been extended in order to get Appleby to pay an early termination fee although she was under no obligation to do so.

Appleby brought a six count complaint on behalf of herself and all others similarly situated. In Counts I and II, Appleby alleges that Sprint violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. In Counts III and IV, Appleby alleges that Sprint committed acts of common law fraudulent omission and common law fraudulent misrepresentation. In Count V, Appleby alleges that Sprint negligently made false statements or omissions. In Count VI, Appleby asserts Sprint's actions violate the Statute of Frauds and asks for declaratory judgment to that effect.

**ANALYSIS**

Sprint filed the instant motion to dismiss asserting that Appleby has failed to establish that she has standing to bring her complaint, that Appleby's complaint is deficient under Rules 8 and 9 of the Federal Rules of Civil Procedure, and that, as a matter of law, no relief can be granted for Appleby's negligence claim or her declaratory judgment claim.

I.   **Appleby's Complaint Does Not Meet Pleading Requirements**

The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Therefore, the complaint need not allege detailed facts. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.2007). However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Id*. (quoting *Twombly*, 127 S.Ct. at 1965 (2007) (internal quotations omitted)). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S.Ct. at 1965. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.2007). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 127 S.Ct. at 1969 n 8.

A complaint alleging fraud must meet a heightened pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

3

Fed. R. Civ. Pro. 9(b). The "circumstances constituting fraud" must include the "who, what, when, where and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

### A.     Counts I through V

Counts I through V of the Complaint are all premised on Appleby's allegations that Sprint made misstatements (either intentionally or negligently) that caused her to enter into a contract with Sprint or that caused her to believe that she owed Sprint contractual obligations when she did not.[1] Appleby cites *Centerline Equip. Corp. v. Banner Pers. Serv.*, 2008 U.S. Dist. Lexis 15946, for the proposition that "a claim brought under the Illinois Consumer Fraud Act premised upon unfairness does not allege fraud or misrepresentation." This is a misreading of the case and a misrepresentation of its holding. The court in *Centerline* was dealing with complaints that the defendant sent the plaintiffs unrequested faxes for which the plaintiffs were charged. The *Centerline* court determined that although this allegation constituted an "unfair" business practice, it did not constitute an allegation of "fraud or misrepresentation," and therefore the complaint did not need to meet the heightened pleading requirements of Rule 9(b). In contrast, Appleby's complaint does allege fraud and misrepresentation, and therefore, as the *Centerline* court acknowledged, has to meet the pleading requirements of Rule 9(b). *Id*. at *22.

In fact, Appleby's entire complaint alleges fraud or mistake, and must be pled with

---

[1]Contrary to Defendants's assertion, Count V is not a claim in tort based on breach of contract facts, but instead is a claim that Defendants's negligent misrepresentations induced Plaintiff to enter into or remain in a contract with them. Therefore, the claim does not call the "economic loss doctrine" into play. *BP Amoco Chemical v. Flint Hills Resources, LLC*, 489 F.Supp.2d 853, 857 (N.D.Ill 2007) (citing *Moorman Mfg. Co. V. National Tank Co.*, 435 N.E.2d 443 (Ill.1982)).

particularity. However, Appleby provides no particulars. Purporting to bring a class action, Appleby concentrates her complaint on the wrongs done to others by Sprint, but says precious little about the wrongs done to her. Appleby's complaint alleges numerous ways in which Sprint extends its customers's contracts. For example, the complaint alleges that when customers buy additional minutes for their cell phones, or upgrade their phones, their contracts are extended. The complaint alleges that the customers did not authorize or agree to the contract extensions. When it comes to pleading the particulars of her own case against Sprint, however, Appleby's complaint falls short.

Appleby alleges that, since 1999, she "attempted to cancel her service a number of times with Defendants." But Appleby does not say when she did so, whether it was before or after the expiration of her initial contract, nor how she did so, whether it was in person, in writing, or by phone. Appleby alleges that "each time she has attempted to cancel her service, she has been told that her contract was previously extended." But, she does not say who told her that her contract was previously extended, nor when that person or entity told her so, nor how that information was relayed. Appleby alleges that "she was told she could not cancel her service without paying an early termination fee." But, again, who told her so, when, how, where? Appleby's complaint is silent on these particulars.

Appleby asserts that some of these facts are exclusively within the knowledge of the Defendants, and that she has given Defendants enough particulars for them to tease out these facts for themselves. However, it is unclear which of these facts Appleby believes are exclusively within the knowledge of Sprint. She must at least be aware of the facts surrounding her own actions. When, where, and how she contacted Sprint, for example.

5

Additionally, Appleby has not pled enough facts to give Defendants fair notice of her claims against them. The Complaint gives only Appleby's name, her address and a time span of nine years. This sort of "sketchy" complaint is contrary to Rule 8 of the Federal Rules of Civil Procedure. It is unfair of Appleby to expect Defendants to "review[] their files, review[] their contracts, [and] discuss[] any misrepresentations, omissions, and deceptive conduct with any employee that had contact with Mrs. Appleby," when they are given so little information to go on.

Finally, the Court notes that Appleby's complaint does not plead sufficient facts to permit the Court to undertake an analysis of whether Appleby's claims are typical of the claims of the class she purports to represent, as required by Rule 23(a)(3) of the Federal Rules of Civil Procedure. In sum, Appleby's complaint is deficient and must be dismissed. However, the Court will grant Appleby leave to amend her complaint.

## II. Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Defendants also contend that Appleby does not have standing to bring this action. A defendant can challenge a court's subject matter jurisdiction under Rule 12(b)(1) in two ways. He may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case, as with a Rule 12(b)(6) motion, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Salah v. United States,* 11 Fed.Appx. 603, 604-05 (7th Cir.2001); *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); 2 James Wm. Moore *et al.*, *Moore's Federal Practice*, § 12.30[4], at 12-38 to 12-39 (3d ed.).

A defendant may also challenge the facts on which the complaint relies to allege jurisdiction, in which case the plaintiff is not entitled to have his allegations taken as true or to have any inferences drawn in his favor. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999); 2 James Wm. Moore *et al.*, *Moore's Federal Practice*, § 12.30[4], at 12-38 to 12-40 (3d ed. 2000). To resolve a challenge to the facts, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject matter jurisdiction over the case. *Sapperstein*, 188 F.3d at 855-56. In any case, the plaintiff has the burden of proving that subject matter jurisdiction exists. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

In the case at bar, the defendant challenges the sufficiency of the complaint's jurisdictional allegations as a matter of law. Therefore, the Court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff.

### A.     Standing Requirement

A plaintiff has standing only if she can show that she has suffered an injury in fact that is fairly traceable to the challenged action of the defendant and which will likely, not merely speculatively, be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "[This] tends to assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).

Sprint contends is that Appleby does not have standing to bring this suit because she

brings her allegations against "Defendants" as a group, rather than naming each individual Defendant in each allegation, and because she does not adequately allege that her injuries are fairly traceable to the actions of the defendants. Sprint argues that "[i]t is highly unlikely that Plaintiff engaged in transactions with each Defendant." That is to say, Sprint does not believe that Appleby will be able to produce evidence to prove that each and every defendant caused the injury that Appleby alleges she suffered. At this stage in the proceedings, however, Appleby is not required to prove her claims, only to competently plead them. That said, because of the paucity of information in Appleby's complaint, the Court agrees that Appleby has insufficiently alleged that she has suffered an injury fairly traceable to the actions of the Defendants. The Court cautions Appleby that her amended complaint must address this deficiency.

### III. Declaratory Judgment Count

Count VI of Appleby's complaint seeks a declaratory judgment that Sprint's contract extensions violate the Statute of Frauds because they purport to be contracts for services incapable of being performed within one year and they are not in writing. Sprint contends that this Count is improper because the Statute of Frauds is an affirmative defense to an action to enforce a contract, it does not provide an independent cause of action. Sprint also contends that the Court does not have jurisdiction to hear this claim as it is merely a request for an impermissible advisory opinion. The Court does not reach the question of whether the Statute of Frauds could ever support an action for declaratory judgment, because Appleby's declaratory judgment claim does not meet the requirements of Article III.

The Declaratory Judgment Act (the Act), 28 U.S.C. § 2201, states, in pertinent part: "In a case of actual controversy within its jurisdiction. . . , any court of the United States, upon the

filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.*

However, a court may not use its discretion to issue a declaration under the Act where there is no "actual controversy" between the parties. *Id.* The Act's language "tracks the 'cases' or 'controversies' requirement of Article III, [and] saves the statute from unconstitutionally expanding the federal courts' jurisdiction." *Deveraux v. City of Chicago*, 14 F.3d 328, 330-31 (7th Cir. 1994) (internal quotations omitted).

The exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy, and "a federal court [lacks] the power to render advisory opinions." *U.S. Nat. Bank of Oregon v. Independent Ins. Agents of America*, 508 U.S. 439, 446 (1993) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). The dispute must "admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. " *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)*; MedImmune, Inc. v. Genentech, Inc.*, __ U.S. __, 127 S.Ct. 764, 771 n.7 (2007).

Appleby's complaint is not sufficient to show that an actual controversy regarding the validity of the contract or the purported contract extensions exists. First, Appleby does not allege that the contract extensions she complains of are for services that cannot be completed within a year, so as to fall within the ambit of the Statute of Frauds. Additionally, Appleby does not allege that Sprint has taken any action to enforce the purported contracts, nor threatened to

9

take any such action. Appleby's declaratory judgment claim, then, is this: if the purported contract falls within the ambit of the Statute of Frauds, and if Sprint were to charge Appleby pursuant to the purported contract, and if Appleby were to refuse to pay the charges, and if Sprint were to take some action to enforce it, then would the Statute of Frauds provide Appleby a viable defense to the action? This is a request for an advisory opinion as to what the law would be on a hypothetical state of facts, and it falls outside of the Court's jurisdiction. Accordingly, the Court will dismiss Count VI.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 29). The Court grants Plaintiff leave to amend her complaint within 20 days from the entry of this Order. Failure to file an amended complaint will result in dismissal of this action.

**IT IS SO ORDERED.**
**DATED: May 20, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**